The STATE of Ohio, Appellee,

v.

BULLITT, Appellant.

[Cite as *State v. Bullitt,* 166 Ohio App.3d 365, 2006-Ohio-2304.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86738.

Decided May 11, 2006.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Scott Zarzycki, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.

CHRISTINE T. MCMONAGLE, Judge.

{¶ 1} Defendant-appellant, Kim J. Bullitt, appeals his conviction for drug trafficking and possession of drugs. Appellant also claims that he was denied effective assistance of counsel. We find merit to appellant's sufficiency argument and vacate his conviction on that ground.

{¶ 2} Appellant was indicted by the Cuyahoga County Grand Jury on two counts of drug trafficking, one count of possession of drugs, and one count of possession of criminal tools. In the same indictment, appellant's codefendant, Dennis J. Webb, was also indicted on one count of possession of drugs.

{¶ 3} Appellant's case proceeded to a jury trial. At the conclusion of the state's case-in-chief, the defense made a Crim.R. 29 motion for acquittal. The court granted the motion as to the possession-of-criminal tools count. The defense did not present any evidence and rested its case.

{¶ 4} The jury returned a guilty verdict on one count of trafficking in drugs (i.e., knowingly selling or offering to sell a controlled substance) and possession of drugs. The jury was unable to reach a verdict as to the other count of trafficking in drugs (i.e., knowingly preparing for shipment, shipping, transporting, delivering, or preparing for distribution or distributing a controlled substance), and the count was subsequently nolled. Appellant was sentenced to six months on both counts, to be served concurrently.

{¶ 5} At trial, four police officers from the Cleveland police department testified on behalf of the state. Officer Walter Emerick testified that he was conducting surveillance with binoculars from a tenth- or 12th-floor balcony of a building in the area of East 13th Street and Payne Avenue. During the surveillance, he observed appellant and another man in a parking lot, waving and yelling out to people. Officer Emerick testified that in his experience, such activity appeared to be consistent with that of drug dealers.

{¶ 6} Officer Emerick explained that the man who was originally with appellant left, and Webb, appellant's codefendant, approached appellant. Officer Emerick then observed appellant and Webb move from the center of the parking lot to the side of the parking lot and engage in a hand-to-hand exchange. Officer Emerick testified that although it appeared to be a drug transaction, he could not see what was actually exchanged. After the exchange, Officer Emerick observed appellant pointing to Webb's hand and nodding his head. Officer Emerick then contacted the takedown officers to arrest appellant and Webb.

{¶ 7} Officers Joseph Hageman and Brian Moore approached appellant and ordered him to stop. The officers testified that appellant walked away from them, however. While appellant was walking away, the officers observed him removing what they described as individual baggies of crack cocaine from his pocket and placing them in his mouth. Officer Moore unsuccessfully attempted to prevent appellant from swallowing whatever was in his mouth. Appellant was subsequently taken to the hospital, but he refused all treatment. Initially, appellant told the officers he had swallowed peanuts; he later said they were breath mints.

{¶ 8} Officer Matthew Payne detained Webb and found a rock of suspected crack cocaine on the ground next to Webb's feet. Additionally, two crack pipes were found on his person. The suspected crack cocaine and pipes were the only items admitted into evidence by the state.

{¶ 9} Appellant now contends that his convictions for drug trafficking and possession of drugs were not supported by sufficient evidence and that he was denied effective assistance of counsel at trial.

{¶ 10} Motions for acquittal, governed by Crim.R. 29(A), challenge the sufficiency of the evidence. Crim.R. 29(A) provides as follows:

{¶ 11} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal on one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶ 12} In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

{¶ 13} R.C. 2925.03(A)(1) governs trafficking in drugs and provides that "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance." R.C. 2925.11(A) governs possession of drugs and provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Thus, under both statutes, the state was required to prove beyond a reasonable doubt that a controlled substance—in this case, crack cocaine—was involved.

{¶ 14} Appellant contends that the trial court erred in denying his Crim.R 29 motion for acquittal as to trafficking in drugs and possession of drugs because the state failed to present sufficient evidence that he sold, obtained, possessed, or used crack cocaine. We agree.

{¶ 15} Initially, we note that while appellant's trial counsel made a Crim.R 29 motion for acquittal at the conclusion of the state's case-in-chief, the grounds for the motion did not specifically challenge the state's failure to present evidence that the rock seized from Webb was in fact crack cocaine, as appellant now argues. Rather, in support of his Crim.R. 29 motion for acquittal, trial counsel simply argued, "There was no evidence as to who made the transaction, as to who

gave the buy money to who," and "all they have is speculation." Moreover, appellant's trial counsel did not object to the admission of the purported crack cocaine and pipes. Thus, all but plain error has been waived.

{¶ 16} "Crim.R. 52(B) allows us to notice plain errors or defects when an accused's substantial rights have been violated. The [State] was required by law to present sufficient evidence as to each element of the offense. * * * When a necessary element has not been shown, we are allowed to notice that omission when the appellant's rights are violated." *In re Mason* (Jan. 28, 1999), Cuyahoga App. No. 73259, 1999 WL 43315, at *2.

{¶ 17} Here, there was no evidence as to any analysis of the purported cocaine or residue, if any, on the crack pipes. The only testimony offered by the state in an attempt to prove that a controlled substance was involved in this case was that the rock appeared to be crack cocaine and that the crack pipes were recovered from Webb. That evidence is insufficient to prove that appellant sold, obtained, possessed, or used crack cocaine.

{¶ 18} In *State v. Maupin* (1975), 42 Ohio St.2d 473, 71 O.O.2d 485, 330 N.E.2d 708, the Supreme Court of Ohio held that narcotics officers may be qualified to identify marijuana without a laboratory test. Specifically, the court stated:

{¶ 19} " 'Marijuana, not being an extract or preparation difficult or impossible to characterize without chemical analysis, but consisting of the dried leaves, stems, and seeds of a plant which anyone reasonably familiar therewith should be able to identify by appearance, it is not error to permit officers who have had experience in searching for and obtaining marijuana to testify that a certain substance is marijuana; and other police officers have also been held qualified so to testify.' " Id. at 480, 71 O.O.2d 485, 330 N.E.2d 708, quoting 23 Corpus Juris Secundum (1962) 408, Criminal Law, Section 864.

{¶ 20} This court, recognizing the Supreme Court of Ohio's holding, noted, however, that "*Maupin* appears to be limited to police testimony regarding the identification of marijuana." *State v. Titsworth*, Cuyahoga App. No. 84548, 2005-Ohio-1962, 2005 WL 977836. This court vacated Titsworth's conviction for possession and trafficking of heroin. In another case involving purported crack cocaine, as in this case, this court held the state's evidence insufficient to sustain a conviction for possession of drugs, when the evidence presented by the state was the officer's visual identification *and* a field test. *State v. Adkisson,* Cuyahoga App. No. 81329, 2003-Ohio-3322, 2003 WL 21468881.

{¶ 21} Thus, upon a plain-error analysis, based upon this court's holdings in *Titsworth* and *Adkisson,* we vacate appellant's conviction for drug trafficking and possession of drugs.

{¶ 22} In his second assignment of error, appellant contends that he was denied effective assistance of counsel. This assignment of error, however, is rendered moot by our disposition of the first assignment of error and, thus, we decline to address it. See App.R. 12.

Conviction vacated.

SWEENEY, P.J., and BLACKMON, J., concur.