DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kevin Owens, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On January 10, 2006, the Summit County Grand Jury indicted Appellant on the following charges: one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a first-degree felony; one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a second-degree felony; one count of possession of cocaine, in violation of R.C. 2925.11(A), a second-degree felony; one count of possession of cocaine, in violation of R.C. 2925.11(A), a third-degree felony; one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor; one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony; one count of possessing criminal tools, in violation of R.C. 2923.24, a fifth-degree felony; three counts of endangering children, in violation of R.C. 2919.22(A), a first-degree misdemeanor; and one count of possession of marijuana, in violation of R.C. 2925.11(A), minor misdemeanor.
 {¶ 3} In the early morning hours of December 30, 2005, police were dispatched to a home located at 179 Wesley Place regarding a shots fired call. Upon arrival, police saw 9 mm shell casing and the reported white SUV in front of the home located at 179 Wesley Place. The police obtained consent from a tenant to search the home. The police observed three children sleeping in a bedroom and Appellant allegedly asleep in the next bedroom. Appellant was lying on the bed, fully clothed and wearing his shoes. The mattress was askew on the box spring. As Appellant rose from the bed, the police observed a small baggie of marijuana beneath him. Appellant was arrested and the police searched his room. The search of the bedroom revealed sandwich bags, rubber bands, a digital scale, a plate with a razor blade and white residue, Appellant's state identification, a cell phone, a box of 9 mm ammunition, a baggie with white powder residue and a shoebox containing $2,600 in cash. In the nearby bathroom, the police discovered a 9 mm handgun containing a magazine with two rounds.
 {¶ 4} Appellant pled not guilty to all of the charges. A jury trial was held on counts one through ten. The jury returned guilty verdicts on one count of trafficking in cocaine, one count of possession of cocaine, illegal use or possession of drug paraphernalia, having a weapon while under disability, possessing criminal tools, and two counts of endangering children. Appellant was found not guilty on the remaining count of endangering children, one count of trafficking in cocaine, and one count of possession of cocaine. Appellant was sentenced to a total of five years in prison, fined $ 15,350, and his drivers license was suspended for six months.
 {¶ 5} As to count eleven, Appellant waived his right to a jury and a bench trial was held. The judge found Appellant guilty of possession of marijuana and imposed a $ 100 fine.
 {¶ 6} Appellant timely appealed his conviction, asserting one assignment of error for review.
 II. "APPELLANT'S CONVICTIONS WERE BASED UPON INSUFFICIENT EVIDENCE AND [WERE] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIM. R. 29 MOTIONS."
 {¶ 7} In his sole assignment of error, Appellant alleges his conviction in each of the above counts was not supported by sufficient evidence and was against the manifest weight of the evidence. Thus, Appellant argues the trial court erred in denying his Crim.R. 29 motions. We disagree.
 {¶ 8} As a preliminary matter, we observe that sufficiency of the evidence and weight of the evidence are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} In application, this may be stated as a "[c]ourt will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." State v. Lee,158 Ohio App.3d 129, 2004-Ohio-3946, ¶ 15, quoting State v. Hall (Sept. 20, 2000), 9th Dist. No. 19940, at *5. Nor is a conviction "against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Urbin, 148 Ohio App.3d 293, 2002-Ohio-3410, ¶ 26, quoting State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at *7. Moreover, a conviction may withstand evidence that is susceptible to some plausible theory of innocence. State v. Figueroa, 9th Dist. No. 22208, 2005-Ohio-1132, at ¶ 7, citing State v. Jenks (1991),61 Ohio St.3d 259, 273.
 {¶ 11} Finally, although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. "Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Lee at ¶ 18, citing Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, at *3. Accord Urbin at ¶ 31. In the present case, manifest weight is dispositive on each charge of which Appellant was convicted.
 {¶ 12} Appellant was convicted of seven charges. We will begin by addressing the charges of possession of cocaine, illegal use or possession of drug paraphernalia, possession of criminal tools, and having a weapon under disability together as Appellant disputes the element of possession in each of those charges.
 {¶ 13} Appellant was found guilty of possession of cocaine, in violation of R.C. 2925.11(A). R.C.2925.11(A) provides that, "[n]o person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 14} Additionally, the jury found Appellant guilty of illegal use or possession of drug paraphernalia. Pursuant to R.C. 2925.14(C)(1), "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia." Drug paraphernalia encompasses
 "any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in * * *preparing, * * * packaging, repackaging, storing, containing, * * * inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter." R.C. 2925.14(A).
Specifically, the statute lists scales, small packaging containers, and glass and metal instruments used for inhaling drugs as drug paraphernalia. R.C. 2925.14(A)(6), (10), (13).
 {¶ 15} In conjunction with possession of drug paraphernalia, Appellant also was found guilty of possessing criminal tools.[1] R.C. 2923.24(A) states that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Criminal tools is a general category consisting of routine items that are used in a criminal manner. See Susser, at *4; R.C. 2923.24(A); State v. Oliver (1987), 31 Ohio App.3d 100, 104.
 "Mere possession of cash is not unlawful. To prove that money is contraband and therefore subject to forfeiture, 'the state must demonstrate that is it [sic] more probable than not, from all these circumstances, that the defendant used [the money] in the commission of a criminal offense.'" (Internal citations omitted.) State v. Blackshaw (May 29, 1997), 8th Dist. No. 70829, at *7, quoting State v. Golston (1990), 66 Ohio App.3d 423, 431.
Typically, in order for the possession of money to be deemed a criminal tool in a drug trafficking case, there also needs to be evidence that the currency was in small denominations for making change or kept with other drug trade tools such as pagers and cell phones. State v.Larios, 8th Dist. No. 83507, 2004-Ohio-5730, at ¶ 28, citing State v.Alicea (Nov. 17, 1994), 8th Dist. No. 66411, at *5; State v.Burnett (Mar. 20, 1997), 8th Dist. No. 70618, at *4. See also, State v.Hardaway, 8th Dist. No. 85100, 2005-Ohio-3017, at ¶ 2. Additionally, R.C. 2923.24(B)(1) dictates that "[possession or control of any dangerous ordnance" is "prima-facie evidence of criminal purpose." "Dangerous ordnance[s]" include automatic firearms. R.C. 2923.11(K)(1).
 {¶ 16} Defendant was also convicted of having a weapon while under a disability. R.C. 2923.13(A)(3) provides in relevant part that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."
 {¶ 17} In each of these convictions, Appellant contests the element of possession. Appellant contends that the convictions should be reversed because Appellee failed to prove that he possessed the cocaine, drug paraphernalia, criminal tools and gun. However, we find that there was ample evidence presented at trial to show that Appellant possessed the cocaine, drug paraphernalia, criminal tools, and 9 mm gun.
 {¶ 18} Possession in relation to Chapter 2925 drug offenses is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 19} R.C. 2901.21(D)(1) sets forth the requirements for general criminal liability and provides that "[possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." This general definition of possession applies to Appellant's convictions of possession of criminal tools and having a weapon under a disability.
 {¶ 20} The main distinction between R.C. 2925.01(K), which applies to drug offenses, and R.C. 2901.21(D)(1), which applies to all other offenses, is whether possession can be inferred by mere access. R.C.2925.01(K) specifically prohibits a finding of possession based solely on access. However, this Court has held that "mere access to theweapon can establish guilt, that is, ownership is not a prerequisite to determining whether someone 'had' the weapon." (Emphasis added.)State v. Robinson (Oct. 25, 2000), 9th Dist. No. 19905, at *4. See, also, U.S. v. Clemis (C.A.6, 1993), 11 F.3d 597, 601. Further, this Court has held that when there is evidence that an appellant is a leaseholder of the premise and a gun is found on the premise, we can draw an inference that the appellant had immediate access to the weapon.State v. Mack, 9th Dist. No. 22580, 2005-Ohio-5808, at ¶ 20. Additionally, the discovery of ammunition that fits the gun found by the police also supports a finding of that defendant had possession of the gun. See State v. Turner (Sept. 8, 1992), 1st Dist. No. C-810453, at *3.
 {¶ 21} Other than the above distinction, the term "possession" as defined under both statutes shares the same legal analysis. "Possession may be actual or constructive." State v. Kobi (1997),122 Ohio App.3d 160, 174. As no drugs, paraphernalia, criminal tools, or guns for which Appellant was charged were found on his person, the State must prove Appellant constructively possessed the contraband. The courts have defined constructive possession as "knowingly exercis[ing] dominion and control over an object, even though that object may not be within [the possessor's] immediate physical possession." State v. Hankerson (1982),70 Ohio St.2d 87, syllabus. Furthermore, ownership of the contraband need not be proven to establish constructive possession, as a person may "possess property belonging to another." State v. Mann (1993),93 Ohio App.3d 301, 308.
 {¶ 22} The State may prove dominion and control solely through circumstantial evidence. See Jenks, 61 Ohio St.3d at 272. If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" State v. Daniels (June 3, 1998), 9th Dist. No. 18761, at *1, quoting Jenks, 61 Ohio St.3d at paragraph one of the syllabus. "'Circumstantial evidence and direct evidence inherently possess the same probative value[.]'" State v. Smith (Nov. 8, 2000), 9th Dist. No. 99CA007399, at *6, quoting Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "'[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" State v. Chisolm (July 8, 1992), 9th Dist. No. 15442, at *2, quoting Jenks, 61 Ohio St.3d at 272. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990),51 Ohio St.3d 160, 168, citing Hurt v. Charles J. Rogers Transp. Co. (1955),164 Ohio St. 329, 331. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. Id.
 {¶ 23} There are many types of evidence or factors, such as owning the premises or proximity to contraband, that on their own do not establish constructive possession. See State v. Greenwood, 2d Dist. No. 19820,2004-Ohio-2737, at ¶ 53; State v. Hyslop, 6th Dist. No. L-03-1298,2005-Ohio-1556, at ¶ 53. However, viewing these factors together as a whole can be used as circumstantial evidence to establish constructive possession. See Greenwood at ¶ 53; Hyslop at ¶ 53. For instance, "readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession." State v. Varner, 9th Dist. No. 21056, 2003-Ohio-719, at ¶ 19, abrogated on other grounds byState v. Coe, 153 Ohio App.3d 44, 2003-Ohio-2732, at ¶ 19, fn. 3. In addition, evidence that the defendant owns, leases, or occupies the premise along with the defendant's presence or proximity to the contraband, can be considered in establishing constructive possession. See State v. Mann (1993), 93 Ohio App.3d 301, 309; State v. Taylor (Oct. 28, 1993), 8th Dist. No. 63848, at *4. See, generally,Greenwood at ¶ 53 ("[Ownership or possession of a vehicle where drugs are found may be considered" in establishing constructive possession.). Additionally, the Ohio Supreme Court has held that knowledge of contraband on one's property is sufficient to show constructive possession. Hankerson, 70 Ohio St. 2d at 91. See State v. Molina, 8th Dist. No. 83731, 2004-Ohio-4347, at ¶ 29 ("It would have been difficult, if not impossible, for appellant not to have been aware of any activity going on in the apartment. The presence of nine packets of heroin on a shelf just a few feet away from appellant and in plain view constitutes sufficient circumstantial evidence that appellant constructively possessed the heroin."). (Emphasis sic.)
 {¶ 24} Appellant admitted to Officers Soulsby and Hankins that he lived at 179 Wesley place with his girlfriend, Latia Lee. Officer Soulsby described the upstairs portion of the apartment as having a bedroom at the top of the stairs in which the children were sleeping, an adjoining bedroom in which Appellant was found, and a bathroom across the hall. Officers Soulsby and Heller both testified that the closet contained male clothing, including jerseys and pants, and men's dress and tennis shoes. Additionally, the officers found men's jewelry and rings, along with Appellant's state ID and credit cards in the night stand.
 {¶ 25} Officers Soulsby and Kovach testified that they found Appellant lying across the bed with his eyes closed. Appellant was fully clothed in a t-shirt and jeans and his coat was lying next to him on the bed. Additionally, Appellant was wearing tennis shoes and "his feet were dangling off the edge" of the bed. Officer Kovach noted that Appellant was not using the sheets or blankets despite it being the end of December. Further, the mattress was askew from the box spring. Appellant was compliant with the officers' orders to get up from the bed and to identify himself.
 {¶ 26} After removing Appellant from the bedroom, Officers Soulsby and Kovach testified that they found a bag of marijuana on the bed where Appellant had been lying. Additionally, Officer Soulsby found a cell phone under the sheets of the bed approximately six inches from where Appellant was lying.
 {¶ 27} Next to the bed, approximately two to three feet away, was a night stand with the drawer slightly ajar. Inside the night stand, Officer Soulsby found boxes of plastic sandwich bags, rubber bands, ammunition for a 9 mm gun, and Appellant's state ID and credit cards.
 {¶ 28} At the foot of the bed, approximately one to two feet away, was a dresser. On top of the dresser, Officer Kovach saw a ceramic plate and razor blade with white residue. The plate and razor blade were on the corner of the dresser, closest to the bed. Officer Kovach testified that he performed a Valtox test on the residue on the plate, which tested positive for cocaine. The top of the dresser also contained both male and female personal effects.
 {¶ 29} Additionally, Officer Kovach discovered a digital scale in the second drawer of the dresser. Officer Kovach explained based on his experience as a police officer that digital scales are used to weigh product, such as marijuana or cocaine.
 {¶ 30} Underneath the bed, approximately four to five feet away from Appellant's position, Officer Soulsby discovered a baggie containing a large quantity of white powdery residue inside the bag. Officer Kovach performed the Valtox test on the residue found in the bag, which also tested positive for cocaine.
 {¶ 31} Also under the bed, Officer Soulsby found a shoe box which contained $2,600 wrapped in rubber bands. This sum consisted mainly of $20 bills and some $50 bills which were separated from one another.
 {¶ 32} Officer Soulsby continued his search in the bathroom, which was five feet from the bedroom in which Appellant was apprehended. Inside the bathroom, Officer Soulsby located a 9 mm gun on top of the cabinets.
 {¶ 33} The above circumstantial evidence supports a finding of constructive possession of cocaine and drug paraphernalia. Not only does Appellant live in the apartment and he was found in close proximity to the contraband, but also the cocaine was readily usable as the ceramic plate and razor blade were on the dresser and the bag of cocaine was under the bed. Additionally, Appellant had knowledge of the cocaine and drug paraphernalia as the ceramic plate and razor blade with cocaine residue were sitting on the corner of the dresser in plain view. Further, Appellant had knowledge of the drug paraphernalia, as the sandwich bags and rubber bands were discovered in the night stand along with his state ID and credit cards.
 {¶ 34} Appellant put forth the defense that his cousin owned the cocaine. Appellant's cousin testified that he placed the cocaine in the apartment a few days before the shooting incident and "[he didn't] think [Appellant] or [Ms. Lee] knew, * * *, that [he] put the stuff in there."[2] Appellant's defense is inadequate as a person can have possession without ownership. See Mann, supra at 308. Additionally, Appellant's conviction may withstand evidence that is susceptible to some plausible theory of innocence. See Figueroa, supra at ¶ 7.
 {¶ 35} There is also circumstantial evidence of constructive possession of the criminal tools and the 9 mm gun. Appellant's mere access to the gun in the bathroom establishes Appellant's guilt in possessing the gun. See Robinson, supra. Additionally, the discovery of 9 mm ammunition in the night stand supports a finding of Appellant's possession of the gun. See Turner, supra. Further, Appellant has knowledge of the criminal tool, as the 9 mm ammunition was discovered in the night stand along with his state ID and credit cards. Constructive possession of the 9 mm gun is "prima-facie evidence of criminal purpose" as required for a conviction of possessing criminal tools. R.C.2923.24(B)(1).
 {¶ 36} In addition to the above convictions, Appellant was also found guilty of trafficking cocaine. Pursuant to R.C. 2925.03(A)(2),
 "No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
Appellant argues that Appellee failed to present any "evidence as to [Appellant's intent to prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance." We disagree.
 {¶ 37} The above evidence presented by Appellee, specifically the possession of 124.7 grams of powder cocaine, digital scale, sandwich bags, rubber bands, and small denomination bills totaling $2,600, permits a reasonable inference that Appellant was preparing cocaine for shipment or distribution. See State v. Williams, 1st Dist. No. C-040747,2005-Ohio-6772, at ¶ 19; State v. Lyles (1989), 42 Ohio St.3d 98, 100
(drug paraphernalia is relevant in trafficking prosecution); State v.Smith, 3d Dist. No. 14-01-28, 2002-Ohio 5051, at ¶ 22 (jury could consider possession of drugs, scale, baggies, cash, and gun in conviction of trafficking); State v. Jolly (July 10, 1997), 8th Dist. No. 70482, at *4 ("[Possession of a pager and a large sum of money permitted the jury to draw the logical inference that [the defendant] was involved in the distribution of drugs."). Additionally, Officer Kovach explained that digital scales are specifically used for weighing cocaine. Accordingly, we conclude that there was sufficient evidence of Appellant's intent to prepare cocaine for shipment or distribution and the conviction for trafficking cocaine was not against the manifest weight of the evidence.
 {¶ 38} Lastly, Appellant challenges his convictions for endangering children. Pursuant to R.C. 2919.22(A), "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." Appellant argues that there was no evidence at trial establishing that Appellant was the parent, or in custody or control of the children in the home, nor that the children were minors. We disagree.
 {¶ 39} As detailed above, Appellant and Latia Lee were the occupants of 179 Wesley Place. While there is a discrepancy in the officers' testimony as to the number of children present in the home at the time of the incident[3], Officer Soulsby testified that Ms. Lee was the mother of each of the children. Further, Officer Soulsby identified Appellant as the father of one of Ms. Lee's children. Additionally, Appellant's cousin confirmed that Appellant has a child with Ms. Lee. As to the remaining children found in the home, we find Appellant was in control of these children, based upon the fact that Appellant lived with Ms. Lee and her children, Appellant's child was asleep in the same room with the other children, and the children's room was adjacent to the room in which Appellant and the drugs were located. Lastly, Officer Soulsby testified that he "observed three small children" in the first bedroom, while Officer Kovach described finding "two young children" in the bedroom at the top of the stairs. Accordingly, we conclude that there was sufficient evidence that the children were minors and that Appellant was a parent of one child and in control of the other child. Therefore, Appellant's convictions for two counts of endangering children were not against the manifest weight of the evidence.
 {¶ 40} Based on our review of the entire record, we conclude that Appellant's criticisms of the State's evidence in this case are inadequate to prove that the jury lost its way and created a manifest miscarriage of justice. Thompkins, 78 Ohio St.3d at 387. Rather, we find it reasonable that the jury believed the State's version of the events, disbelieved Appellant's version, and convicted him accordingly. We conclude that the convictions for each of the above charges are not against the manifest weight of the evidence.
 {¶ 41} Having found that Appellant's convictions on each of the above charges were not against the manifest weight of the evidence, we also conclude that there was sufficient evidence to support the jury's verdicts in this case with respect to the offenses and it was not error to overrule Appellant's Crim.R. 29 motions. See Roberts, supra. This assignment of error is overruled.
 III. {¶ 42} Appellant's assignment of error is overruled. The judgment of Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, P. J., BAIRD, J., CONCUR
[1] Drug paraphernalia is a subcategory and specific type of criminal tool. State v. Susser (Mar. 2, 1992), 2d Dist. No. 12745, at *4. Accordingly, the items classified as drug paraphernalia cannot be charged as criminal tools also. Id.
[2] We note that while Appellant's cousin claims ownership of the cocaine, he does not claim ownership of the drug paraphernalia (sandwich bags, rubber bands, and digital scale) and criminal tools ($2,600, gun, and ammunition).
[3] Officer Soulsby testified that there were three children, while Officers Kovach and Heller testified to seeing two children. However, we note that Appellant was indicted on three counts of endangering children.