DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Rony Hugh Painson, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On the evening of May 19, 2007, Stow Police Department Officer Jonathan Bastock was traveling eastbound on Graham Road in his marked police cruiser. Shortly after Officer Bastock crossed over Route 91, a Ford Taurus cut into his lane without signaling. Officer Bastock slammed on the brakes to avoid hitting the Taurus and pulled over the vehicle once he steadied his own. When Officer Bastock approached the vehicle he noted that its driver, Painson, smelled strongly of marijuana. He also discovered upon further investigation that Painson had a suspended license. Consequently, Officer Bastock arrested Painson and began an inventory search of the vehicle. Other officers, including a K-9 unit, arrived after Officer Bastock commenced the inventorying. *Page 2 
 {¶ 3} When officers inventoried Painson's trunk, they discovered a large orange suitcase. The K-9 at the scene alerted on both Painson's trunk and the orange suitcase. Officers opened the suitcase and found a plastic bag containing a digital scale and a box of Ziploc baggies. They also found a pair of brown, high-top work boots in Painson's trunk, one of which contained a loaded 9 millimeter handgun, and a small amount of marijuana in the Taurus's center console.
 {¶ 4} The matter proceeded to a bench trial, and the court found Painson guilty of the following crimes: (1) possession of criminal tools in violation of R.C. 2923.24; (2) driving under suspension in violation of R.C. 4510.11; (3) failure to signal in violation of R.C. 4511.39; (4) possession of marijuana in violation of R.C. 2925.11(A); and (5) improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(C). Painson now appeals from two of his convictions and raises a single assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT VIOLATED RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE BY DENYING THE APPELLANT'S REQUEST TO DISMISS THE CRIMINAL CHARGE AGAINST HIM BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE POSSESSED CRIMINAL TOOLS AND/OR IMPROPERLY HANDLED A FIREARM IN A MOTOR VEHICLE."
 {¶ 5} In his sole assignment of error, Painson argues that his convictions for possessing criminal tools and improperly handling a firearm in a motor vehicle are based on insufficient evidence. We disagree.
 {¶ 6} "We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction." State v. Moneypenny, 9th Dist. No. 03CA0061, 2004-Ohio-4060, at ¶ 10, citing State v.Leggett (Oct. 29, 1997), 9th Dist. No. 18303, at *2. *Page 3 
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Smith, 9th Dist. No. 23288, 2007-Ohio-1680, at ¶ 3, quoting State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752, at *3.
"In essence, sufficiency is a test of adequacy." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
Possession of Criminal Tools {¶ 7} R.C. 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." "The State presents prima facie evidence of criminal purpose if it provides evidence that an item is `commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.'" State v. Sanders, 9th Dist. No. 23504, 2007-Ohio-2898, at ¶ 13, quoting R.C. 2923.24(B)(3). "If such evidence is presented and believed, it is sufficient to establish guilt unless it is rebutted or proven to the contrary." State v. Castle (Oct. 6, 1999), 9th Dist. No. 19324, at *8.
 {¶ 8} Painson argues that his conviction for possession of criminal tools is based on insufficient evidence because the State failed to conduct a chemical analysis on the scale and/or baggies confiscated from Painson's vehicle. He argues that the State was required to show that the scale or baggies actually contained drug residue in order to prove that Painson possessed the items for a "criminal purpose." Yet, all of the cases Painson cites in support of this proposition involved crimes that depended upon the identification of a particular controlled substance. See State v. Maupin (1975), 42 Ohio St.2d 473 (involving the crimes of giving away a hallucinogen *Page 4 
and drug possession); State v. Titsworth, 8th Dist. No. 84548,2005-Ohio-1962 (involving multiple counts of drug trafficking and drug possession); State v. Bullitt, 8th Dist. No. 86738, 2006-Ohio-2304
(involving crimes of drug trafficking and possession); State v.Bailey, 9th Dist. No. 22773, 2006-Ohio-2042 (involving crime of using deception to obtain a dangerous drug). Unlike the crimes in those cases, "[c]riminal tools is a general category consisting of routine items that are used in a criminal manner." State v. Owens, 9th Dist. No. 23267,2007-Ohio-49, at ¶ 15. Even money can be a criminal tool if there is "evidence that the currency was in small denominations for making change or kept with other drug trade tools such as pagers and cell phones." Id. The State need only prove that an item is commonly used for criminal use and that the defendant intended such a use for the item.Sanders at ¶ 13.
 {¶ 9} Officer Bastock testified that he discovered a plastic bag containing a digital scale and a box of Ziploc baggies in the trunk of Painson's vehicle. Officer Bastock, a nine year veteran of the Stow Police Department, testified that in his experience it is common practice for people dealing in illegal narcotics to use digital scales and plastic baggies. Specifically, he indicated that drug dealers usually weigh the amount of their product on such a scale and that marijuana is normally packed in small quantities and sealed in the type of small Ziploc baggies that he recovered from Painson's vehicle. Officer Robert Molody, the second officer on scene, corroborated Officer Bastock's testimony and testified that the presence of a digital scale and plastic baggies generally indicates that an individual intends to or is engaging in drug trafficking. Finally, Officer Ted Bell testified that his K-9 alerted as to the presence of a controlled substance when sniffing Painson's trunk and when sniffing the orange suitcase in which officers found the digital scale and Ziploc baggies. Officer Bell confirmed that digital scales and baggies are items commonly associated with the packaging of controlled substances. *Page 5 
 {¶ 10} Based on the aforementioned testimony, we cannot conclude that the State failed to meet its burden of production as to Painson's possession of criminal tools charge. The State's evidence demonstrated that Painson possessed a digital scale and Ziploc baggies, both of which several officers testified are "commonly used for criminal purposes."Sanders at ¶ 13. Furthermore, Officer Bell's K-9 alerted to the presence of narcotics with regard to these items. It is inapposite that the State did not further corroborate the foregoing evidence by performing a chemical analysis on items recovered from Painson's vehicle.
Improperly Handling a Firearm in a Motor Vehicle {¶ 11} R.C. 2923.16(C) provides, in relevant part, that:
 "No person shall knowingly transport or have a firearm in a motor vehicle, unless the person may lawfully possess that firearm under applicable law of this state or the United States, the firearm is unloaded, and the firearm is carried in one of the following ways:
 "(1) In a closed package, box, or case;
 "(2) In a compartment that can be reached only by leaving the vehicle;
 "(3) In plain sight and secured in a rack or holder made for the purpose;
 "(4) If the firearm is at least twenty-four inches in overall length as measured from the muzzle to the part of the stock furthest from the muzzle and if the barrel is at least eighteen inches in length, either in plain sight with the action open or the weapon stripped, or, if the firearm is of a type on which the action will not stay open or which cannot easily be stripped, in plain sight."
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 12} Painson argues that his conviction for improperly handling a firearm in a motor vehicle is based on insufficient evidence because officers found a firearm in his trunk. He argues that the State failed to introduce any evidence that he had access to his trunk from the inside of *Page 6 
the vehicle. See R.C. 2923.16(C)(2). By its plain language, however, R.C. 2923.16(C) prohibits a person from knowingly transporting or having a firearm in a motor vehicle unless it is carried in one of the specified manners and it is unloaded. Officers testified that the handgun in Painson's vehicle was fully loaded when they removed it from the boot in his trunk. Accordingly, we cannot say that the State failed to present sufficient evidence to support Painson's conviction for improperly handling a firearm. Painson's sole assignment of error lacks merit.
 III {¶ 13} Painson's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 7 
CARR, P. J., MOORE, J., CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1