The STATE of Ohio, Appellee,

v.

LEE, Appellant.

[Cite as *State v. Lee,* 158 Ohio App.3d 129, 2004-Ohio-3946.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21854.

Decided July 28, 2004.

130

Sherri Bevan Walsh, Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Walter T. Madison, for appellant.

SLABY, Judge.

{¶ 1} Defendant, Anthony Lee, appeals from the judgment of the Summit County Court of Common Pleas, finding him guilty of possession of cocaine under R.C. 2925.11(A) and forgery under R.C. 2913.31(A)(2). We affirm.

{¶ 2} On March 17, 2003, defendant was indicted for possession of cocaine. On September 23 of the same year, he was supplementally indicted for forgery and two additional counts of possession of cocaine. A jury trial ensued. The jury found defendant guilty of one count of possession of cocaine, a felony of the second degree, and forgery, a felony of the fifth degree. The trial court sentenced him to six years' imprisonment. Defendant appealed from the conviction for possession of cocaine, raising two assignments of error for our review.

## ASSIGNMENT OF ERROR I

"The Defendant's conviction was against the manifest weight of the evidence because Defendant did not possess any drugs."

{¶ 3} In his first assignment of error, defendant argues that his conviction was against the manifest weight of the evidence. He claims that the evidence presented did not establish that defendant had knowledge of the contents of the package and therefore did not support the possession charge.

{¶ 4} When a defendant maintains that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.

{¶ 5} This court may invoke the power to reverse based on manifest weight only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. *Sykes Constr. Co. v. Martell* (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5–6, 1992 WL 2919.

{¶ 6} Defendant was convicted of possession of cocaine under R.C. 2925.11(A), which makes it a felony to "knowingly obtain, possess, or use a controlled substance." Defendant claims that the evidence does not support the conclusion that he had knowledge of the actual contents of the package. The mental state of "knowingly" requires that the defendant be aware that his "conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). This court does not find that the jury acted against the manifest weight of the evidence in finding that defendant knew the contents of the packages and thus finding him guilty of possession.

{¶ 7} Detective Gowens of the Summit County Sheriff's Department testified that on March 8, 2003, he was working at Federal Express on Firestone Boulevard in Akron. There he used a drug-sniffing dog to identify drugs in parcels that came through the terminal. He spied a suspicious parcel, and his dog signaled that it had an odor of narcotics. A second drug-sniffing dog was brought in and also alerted the detective that the package contained drugs. A search warrant was obtained. The package was opened, and 499.8 grams of cocaine were found inside, which the detective testified had a street value of

$50,000. The package was addressed to a Mike Foster at 951 Iona. The detectives determined that no Mike Foster lived at that address.

{¶ 8} The police arranged a controlled delivery of the package to the address on the label. They sent surveillance to the address. Defendant was observed outside pacing up and down. He was pretending to wash his car, using a single Kleenex and no water. He pretended to work on the car for an hour and a half while continually looking up and down the street, walking to the front of the driveway and then back repeatedly. The officer testified that it was obvious that defendant was looking for something specific, a Federal Express truck.

{¶ 9} At one point, defendant spotted a legitimate Federal Express truck in the neighborhood and drove around the block looking for the truck. He then came back to the address on the package and stood at the end of the driveway, looking up and down the road.

{¶ 10} At that point, an undercover officer posing as a Federal Express delivery person was sent with the parcel to the address on the label. The officer approached the defendant and asked if the address was 951. Defendant affirmed that it was and asked if there was a package. The officer said that there was a package for a Mike Foster. Defendant replied that he was Mike Foster and signed for the package. After the package was handed to him, the surveillance unit came in and put him under arrest.

{¶ 11} Defendant told the officers that the parcel contained video cassettes and he was getting $2,000 for taking possession of the package. Then he changed his story, saying that the package was not intended solely for him, but was going to a person named Kiki. Defendant claimed that he did not know anything about Kiki. The officers later discovered that "Kiki" was a Mr. Tremain Davis, the owner of the car that defendant had been driving that day. The detectives later discovered numerous other connections among defendant, Davis, and the drugs.

{¶ 12} Defendant was told that he could cooperate by calling Davis. Defendant did place a call to Davis but did not follow the instructions of the officers. Defendant did not say any of the things he had been directed to say over the phone to Davis; rather, he followed his own agenda. The detectives testified that they felt he was trying to tip off Davis to a problem. After calling Davis, defendant complained that his alleged cooperation with the police should get him out of going to jail.

{¶ 13} From the evidence presented, the jury could find that rather than being an innocent recipient of the package, defendant was aware that the package probably contained cocaine. The detectives established that defendant was lying about his connection with "Kiki." The trier of fact was at liberty to infer

consciousness of guilt from defendant's lie. See *State v. Johnson* (1989), 46 Ohio St.3d 96, 100, 545 N.E.2d 636.

{¶ 14} " 'On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.' " *State v. Wolery* (1976), 46 Ohio St.2d 316, 331, 75 O.O.2d 366, 348 N.E.2d 351, quoting *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Similarly, when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence when the jury believed the prosecution testimony only. See *State v. Warren* (1995), 106 Ohio App.3d 753, 760, 667 N.E.2d 68.

{¶ 15} When determining whether a conviction was against the manifest weight of the evidence, the appellate court decides whether the " 'jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, at ¶ 83, quoting State v. Martin (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717, paragraph three of the syllabus. This is not such a case. "This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." *State v. Hall* (Sept. 20, 2000), 9th Dist. No. 19940, 2000 WL 1349810, at 9. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting defendant of possession of cocaine. Defendant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"The Court improperly denied Defendant's motion for acquittal per Crim.[R.] 29."

{¶ 16} In his second assignment of error, defendant argues that "[t]he case should have been dismissed because there was not sufficient evidence to warrant the cases [sic] overcoming Rule 29 motion." This court disagrees.

{¶ 17} As an initial matter, this court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. *State v. Manges*, 9th Dist. No. 01CA007850, 2002-Ohio-3193, 2002 WL 1376092, at ¶ 23, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest-weight challenge questions whether the prosecution has met its burden of persuasion. *State v. Gulley* (Mar. 15, 2000), 9th Dist. No. 19600, at 3, 2000 WL 277908. On a sufficiency-of-the-evidence review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶ 18} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) *State v. Roberts* (Sept. 17, 1997), 9th Dist. No. 96CA006462, 1997 WL 600669, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Cuyahoga Falls v. Scupholm* (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735, 2000 WL 1825067, at 5. Because we have found above that the weight of the evidence supports defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of. *Roberts*, supra, at 8. Defendant's assertion that the state failed to present sufficient evidence to support his conviction, therefore, is not well taken. Defendant's second assignment of error is overruled.

{¶ 19} We overrule defendant's two assignments of error and affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

WHITMORE, P.J., and BOYLE, J., concur.