DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Dewey Jones appeals from the Summit County Court of Common Pleas, in which a jury convicted him of two counts of drug trafficking and the court sentenced him to serve consecutive sentences. This Court affirms.
 I. {¶ 2} On two separate occasions, an informant working on behalf of the Akron Police Department went to Appellant's residence and purchased marijuana. On both occasions, the police had Appellant's residence under surveillance and had the informant wired so that they could listen to the transaction. The police eventually arrested Appellant and charged him with trafficking based on the surveillance, the marijuana recovered, and the informant's testimony.
 {¶ 3} The State indicted Appellant on two counts of trafficking in marijuana, in violation of R.C. 2925.03(A)(1), both fourth degree felonies. He pled not guilty and the case proceeded to a jury trial. The jury found him guilty of both counts. The trial court ordered that he serve one year incarceration on each count, and that he serve these sentences consecutively. Appellant has appealed his conviction and sentence, asserting four assignments of error for review.
 II. A. First Assignment of Error
"APPELLANT'S CONVICTIONS OF TRAFFICKING IN MARIJUANA WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 Second Assignment of Error
"THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE TRAFFICKING IN MARIJUANA CHARGES FOLLOWING THE CONCLUSION OF THE STATE'S CASE."
 {¶ 4} Appellant asserts that the meager physical evidence and the unreliability of the informant's testimony render the State's evidence insufficient to sustain the guilty verdicts. Appellant similarly charges that the verdicts were against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, paragraph two of the syllabus. As a matter of appellate review, they involve different means and ends. Id. at 386-89. They also invoke different inquiries with different standards of review. Id.; State v. Smith, 80 Ohio St.3d 89,113, 1997-Ohio-355. In the simplest sense, this difference is that sufficiency tests the burden of production while manifest weight tests the burden of persuasion. Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring).
 {¶ 6} Sufficiency is a question of law. Id. at 386; Smith,80 Ohio St.3d at 113. If the State's evidence is found to have been insufficient as a matter of law, then on appeal, a majority of the panel may reverse the trial court. Thompkins,
78 Ohio St.3d at paragraph three of the syllabus, citing Sec. 3(B)(3), Art. IV, Ohio Const. Because reversal for insufficiency is effectively an acquittal, retrial is prohibited by double jeopardy. Id. at 387, citing Tibbs v. Florida (1982),457 U.S. 31, 47, 72 L.Ed.2d 652. Under this construct, the State would have failed its burden of production, and as a matter of due process, the issue should not even have been presented to the jury. Id. at 386; Smith, 80 Ohio St.3d at 113.
 {¶ 7} In a sufficiency analysis, an appellate court presumes that the State's evidence is true (i.e., both believable and believed), but questions whether that evidence satisfied each element of the offense. See State v. Getsy, 84 Ohio St.3d 180,193, 1998-Ohio-533. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,61 L.Ed.2d 560. Under this standard, an appellate court does not conduct an exhaustive review of the record, or a comparative weighing of competing evidence, or speculation as to the credibility of any witnesses. Instead, the appellate court presumptively "view[s] the evidence in a light most favorable to the prosecution." Id. "[T]he weight to be given the evidence and the credibility of witnesses are primarily for the trier of the facts." State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 8} Manifest weight is a question of fact. Thompkins,78 Ohio St.3d at 387. If the trial court's judgment is found to have been against the manifest weight of the evidence, then an appellate panel may reverse the trial court. Id. In the special case of a jury verdict, however, the panel must be unanimous in order to reverse. Id. at paragraph four of the syllabus, citing Sec. 3(B)(3), Art. IV, Ohio Const. Because this is not a matter of law, reversal on manifest weight grounds is not an acquittal but instead is akin to a deadlocked jury from which retrial is allowed. Id. at 388, citing Tibbs, 457 U.S. at 43. Under this construct, the appellate panel "sits as the `thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony," id., wherein the State would have failed its burden of persuasion.
 {¶ 9} In a manifest weight analysis, an appellate court essentially undertakes a three-step, sequential inquiry: whether the State's account was believable based upon the evidence; and if so, whether it was more believable than the defendant's version or criticism of the evidence; but if not, whether the State's case was so unbelievable or unpersuasive as to undermine the integrity of the jury's finding of guilt and cause one to question whether justice was done. See Thompkins,78 Ohio St.3d at 387-88. Obviously, "[a] conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Urbin,148 Ohio App.3d 293, 2002-Ohio-3410, ¶ 26.
 {¶ 10} In the first step, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses [,] and * * * resolve[s] conflicts in the evidence." Thompkins, 78 Ohio St.3d at 387. The second step "concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Internal quotations and emphasis omitted.) Smith, 80 Ohio St.3d at 113. "Weight is not a question of mathematics, but depends on its effect in inducing belief." (Quotations and emphasis omitted.) Thompkins,78 Ohio St.3d at 387. And in completing this step, "[a] court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial." Id. at 390 (Cook, J., concurring).
 {¶ 11} However, the final step dictates that an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the convictionmust be reversed and a new trial ordered." (Emphasis added.) Id. at 387. See, also, id. at 390 (Cook, J., concurring) (stating that the "special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact"). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387. In application, this may be stated as: "[a court] will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other." State v. Lee, 158 Ohio App.3d 129,2004-Ohio-3946, ¶ 15.
 {¶ 12} Finally, although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. Thompkins,78 Ohio St.3d at 388. "Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Lee at ¶ 18. Accord Urbin at ¶ 31. In the present case, manifest weight is dispositive.
 {¶ 13} Based on a review of the record, this Court finds it reasonable that the jury could have believed the testimony and evidence proffered by the State. Appellant was charged with selling a controlled substance in the vicinity of a school. R.C.2925.03(A)(1) R.C. 2925.03(C)(3)(b). Marijuana is a controlled substance. R.C. 2925.01(A), R.C. 3719.01(C) 3719.41(C)(19). There is no dispute over the seller's intent, that the drugs in question were marijuana, or that the transaction occurred within the vicinity of a school. The dispute is whether Appellant was actually the person who sold the marijuana to the informant.
 {¶ 14} The State produced six witnesses: five police detectives and the confidential informant. Appellant did not produce any witnesses or present a defense. Four of the police detectives were present during the controlled buys and testified as to the particular events. One detective testified that the informant was searched before the purchase to confirm that she had no drugs or money. The detective provided the informant with money to make the purchase and received the drugs after the purchase. Other detectives observed the informant entering and exiting Appellant's residence, where the purchases occurred. On cross examination Appellant elicited testimony that none of the detectives actually saw the informant purchase the drugs from Appellant or even saw Appellant at the residence. The fifth detective testified that the drugs in question had been tested and were marijuana. Appellant did not cross examine this witness.
 {¶ 15} The confidential informant testified that she had purchased the drugs from Appellant at the behest of the police. She identified Appellant in court. She described the events of the drug purchase with reasonable detail. The informant admitted on direct examination that she had a criminal record for petty theft and felony drug possession, that she was paid by the police to perform these controlled buys, and that she had done this for the police on other occasions. On cross examination Appellant emphasized that the informant had been criminally charged several times in her history and had been convicted at least twice, that she was paid more if she succeeded in purchasing drugs than if she failed, and that she had offered her services to the police so that she could make some money.
 {¶ 16} On appeal, Appellant attacks the credibility of the confidential informant and insists that this unreliability renders the State's case unbelievable. This was a point worth arguing to the jury members, who were obligated to assess the evidence critically under the strict standard of beyond-a-reasonable-doubt. This Court, under the manifest weight standard, is charged with independently "consider[ing] the credibility of witnesses," Thompkins, 78 Ohio St.3d at 387, and need not "view the evidence in a light most favorable to the prosecution." Id. at 390 (Cook, J., concurring). But, in conducting the overall review, this Court must assess the evidence liberally, considering whether "the evidence weighs [so] heavily against the conviction" that the necessary conclusion is that "the jury clearly lost its way and created a manifest miscarriage of justice." Id. at 387.
 {¶ 17} This Court has conducted a review of the entire record, including the trial testimony of the confidential informant, and finds that the State presented a reasonable and coherent version of the events, supported by sufficiently believable evidence. Although Appellant's contentions may diminish the credibility of the confidential informant, the record demonstrates that these contentions were fully disclosed to the jury. The confidential informant was present to testify at trial and was subjected to rigorous cross examination by Appellant. The trial court thoroughly instructed the jury as to its role in evaluating the credibility of each witness, and this unreliability issue was emphasized by Appellant in both his opening and closing arguments to the jury. Upon a full review of the record, this Court finds it reasonable that the jury believed the State's version of the events, discounted Appellant's criticism, and convicted him based on the evidence.
 {¶ 18} This Court concludes that Appellant's criticism is inadequate to prove that the jury lost its way or that the conviction constitutes a manifest miscarriage of justice. See id. Therefore, this Court finds that the conviction is not against the manifest weight of the evidence. See id. This determination is also dispositive of the issue of sufficiency. See Lee at ¶ 18. These assignments of error are overruled.
 B. Third Assignment of Error
"WHETHER THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW SINCE IT DID NOT TAKE INTO ACCOUNT FUNDAMENTAL SENTENCING PRINCIPLES, EXPRESS SENTENCING CRITERIA, OR MAKE FINDINGS PURSUANT TO OHIO REVISED CODE SECTION 2929.14(B)?"
 Fourth Assignment of Error
"WHETHER THE TRIAL COURT PROPERLY IMPOSED NONM-ANDATORY CONSECUTIVE SENTENCES UNDER OHIO REVISED CODE SECTION 2929.14?"
 {¶ 19} Appellant alleges that the trial court erred by ordering that he serve his sentences consecutively, and as grounds for this error he refers specifically to the court's failure to pronounce the statutorily required findings aloud at his sentencing hearing, in accordance with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). From this, Appellant asserts that this Court must remand this case for resentencing under R.C.2953.08(G)(1). This Court disagrees.
 {¶ 20} During the pendency of Appellant's appeal, the Ohio Supreme Court held that Ohio's statutory sentencing scheme violated the Sixth Amendment of the United States Constitution, per Blakely v. Washington (2004), 542 U.S. 296,159 L.Ed.2d 403, and severed certain unconstitutional provisions, including R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2). State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, paragraphs one through four of the syllabus. Subsequently, this Court found that "the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings[, and as] a result, [an appellant] may not premise error on the alleged procedural deficiencies of the trial court's sentencing entry." State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, ¶ 20, citing Foster at ¶ 97. Accordingly, Appellant's assignments of error, as are predicated on a perceived failure to make the required findings, lack a basis for appeal.
 {¶ 21} In Dudukovich, this Court went on to explain that "Foster has not directed this Court to abandon our ordinary doctrines and the U.S. Supreme Court in [United States v.Booker (2005), 543 U.S. 220, 160 L.Ed.2d 621] implored appellate courts to continue to follow these doctrines[, so this] Court, therefore, reviews whether [Appellant] raised a specific challenge to the constitutionality of Ohio's sentencing statutes in the trial court." Id. at ¶ 24. Thus, this Court invoked a waiver rule and held that an appellant who "failed to raise any objection below, let alone an objection specifically raising a constitutional challenge, is precluded from raising such an argument for the first time on appeal." Id.
 {¶ 22} Although the Foster Court had expressly rejected the State's waiver argument, this Court distinguished that holding inDudukovich. Id. at ¶ 22. The Foster Court had reasoned that "[Mr.] Foster could not have relinquished his sentencing objections as a known right when no one could have predicted thatBlakely would extend the [Apprendi v. New Jersey (2000),530 U.S. 466, 147 L.Ed.2d 435] doctrine to redefine `statutory maximum.'" Id., quoting Foster at ¶ 31. However, Mr. Dudukovich was sentenced on April 28, 2005, well after Blakely was decided and published. Id. This Court concluded: "Accordingly, we find that the Foster provision which rejected the State's waiver argument is inapplicable to the instant [Dudukovich] case." Id.
 {¶ 23} In the present case, Appellant was sentenced on July 7, 2005, and was therefore on full notice of the Blakely
holding, just as in Dudukovich. See id. at ¶ 22. Also, as withDudukovich, Appellant failed to raise any objection below, let alone a constitutional challenge, and is therefore precluded from asserting such error for the first time on appeal. See id. at ¶ 23-24. As Appellant has failed to preserve this issue for appeal, Appellant's assignments of error are overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.