[Cite as *State v. Stark*, 2017-Ohio-873.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 14AP0050 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID L. STARK | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2014 CR-B 000193 |

DECISION AND JOURNAL ENTRY

Dated: March 13, 2017

CARR, Presiding Judge.

{¶1} Defendant-Appellant, David Stark, appeals from his conviction in the Wayne County Municipal Court. This Court affirms.

I.

{¶2} On an evening in February 2014, the victim in this matter, the mother of Stark's young daughter, brought her daughter to Stark's apartment to celebrate his birthday. The victim only stayed for a short while, and Stark became upset when she attempted to leave with his daughter. According to Stark, the two shouted while he held his daughter and tried to persuade the victim to stay, but he eventually relented and allowed her to leave. According to the victim, Stark stopped her from leaving, choked her around the neck, and threatened to kill her. Following the incident, the victim drove directly to the police station and reported that Stark had attacked her.

**{¶3}** As a result of the foregoing incident, Stark was charged with one count of domestic violence. Stark elected to try the matter to a jury, and, following a trial, the jury found him guilty. The court sentenced him to jail time and two years of community control.

**{¶4}** Stark now appeals from his conviction and raises three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

MR. STARK'S CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO SHOW THAT HE KNOWINGLY CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM TO [THE VICTIM.]

**{¶5}** In his first assignment of error, Stark argues that his domestic violence conviction is based on insufficient evidence. Specifically, he argues that there was no evidence he knowingly caused or attempted to cause the victim physical harm. We disagree.

**{¶6}** A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. *State v. Gulley*, 9th Dist. Summit No. 19600, 2000 WL 277908, *1 (Mar. 15, 2000). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

**{¶7}** "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Former R.C. 2901.22(B). Whoever commits the foregoing crime is guilty of domestic violence. R.C. 2919.25(D)(1).

**{¶8}** The victim in this matter shares a child with Stark and testified that, on a certain evening near Stark's birthday, she brought their young daughter to his apartment. Although the two had discussed the possibility that the victim and her daughter might spend the night there, the victim ultimately decided not to do so. There was a significant amount of snow on the driveway when she arrived, and the victim was concerned about where to park her car. According to the victim, Stark became upset when she indicated that she intended to leave. Not long after, Stark's mother called to say that the victim needed to move her car so she could pull into the driveway. The victim then decided to gather her daughter, her things, and leave.

**{¶9}** The victim testified that she took her young daughter in her arms, covered her with a blanket, and attempted to leave, but Stark blocked her path. Stark stood between her and the doorway and told the victim that she was not leaving. He then placed both of his hands around her neck and squeezed as he pushed her backwards onto the couch. The victim testified that she could not breathe or scream because of the pressure that Stark was exerting and that she could not defend herself because she was holding onto their daughter. As Stark was choking her, his pit bull entered the fray and began trying to jump on the two of them. The victim then heard Stark say that he would kill her and leave the state with their daughter. According to the victim, Stark released her shortly after that, and she fled the apartment with her daughter. She then

drove directly to the police station where she reported what Stark had done and allowed a deputy to take pictures of her neck.

{¶10} Deputy Joseph Copenhaver met with the victim at the police station, observed her neck, and took pictures of her injuries approximately an hour after first meeting her. He described the marks on the her neck as "abrasion marks" that, in his 18 years of experience as a police officer, were "consistent with * * * some type of grabbing or choking of the neck." He confirmed that the marks were still visible when he photographed the victim an hour after meeting her.

{¶11} Stark argues that his conviction is based on insufficient evidence because the evidence was that he simply attempted to stop the victim from leaving his apartment. It was his testimony that he never choked the victim. As such, he argues that the evidence does not support the conclusion that he knowingly caused or attempted to cause harm to the victim. In reviewing the sufficiency of the evidence, however, we must consider the evidence in a light most favorable to the prosecution. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The issue is strictly whether the State satisfied its burden of production, not its burden of persuasion. *State v. Lee*, 158 Ohio App.3d 129, 2004-Ohio-3946, ¶ 17 (9th Dist.) ("Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest-weight challenge questions whether the prosecution has met its burden of persuasion.").

{¶12} Viewing the evidence in a light most favorable to the prosecution, we must conclude that the State set forth evidence from which a rational trier of fact could have found that Stark knowingly caused or attempted to cause physical harm to the victim here. *See Jenks* at paragraph two of the syllabus. The victim testified that Stark became upset with her before choking her with both hands and threatening to kill her. Moreover, Deputy Copenhaver

observed marks on the victim's neck that he believed were consistent with someone having grabbed her neck or choked her. The jury could reasonably conclude, based on the foregoing, that Stark knowingly inflicted physical harm on the victim. Consequently, Stark's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

MR. STARK'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE DUE TO THE FAILURE OF THE STATE TO PROVE THAT DAVID KNOWINGLY CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM TO [THE VICTIM].

{¶13} In his second assignment of error, Stark argues that his domestic violence conviction is against the manifest weight of the evidence. We disagree.

{¶14} A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶15} Stark's mother testified that she had raised foster children for years and that her son routinely helped her with the children when they were difficult. She stated that, when Stark

did become angry, he was inclined to yell. She denied that he ever became physically aggressive when something angered him.

{¶16} Stark testified in his own defense. According to Stark, the victim often kept him from seeing their daughter, so he was excited when she agreed to bring their daughter to his apartment for his birthday and spend the night. He admitted that he became upset when the victim changed her mind and decided to leave, but denied that he attacked her. He claimed that he picked up his daughter and held her while the two fought and his dog ran around "jumping everywhere." When he eventually realized that he could not convince the victim to stay, he handed over their daughter and allowed her to leave. He denied that he ever pushed the victim, choked her, or threatened to kill her.

{¶17} Deputy Copenhaver testified that he went to Stark's apartment to speak with him after he talked with the victim at the police station. When he initially spoke with Stark, Stark denied that any sort of altercation had taken place and indicated that the two had only exchanged words. Deputy Copenhaver then noticed, however, that Stark appeared to have a scratch or dried blood on his ear. When he asked Stark what had happened to his ear, Stark then claimed that a physical altercation had occurred and that he had to defend himself from the victim. Because of the inconsistencies in Stark's statement and the victim's injuries, the deputy arrested Stark.

{¶18} According to Stark, he never told Deputy Copenhaver that he and the victim had engaged in an altercation. He testified that, when the deputy asked about the cut on his ear, he said there must have been some "physical contact" between him and the victim. He clarified that he "figured she scratched [him] or something with her hand or whatever trying to get [their daughter] from [him]."

{¶19} Stark theorized at trial that the red marks on the victim's neck were blotchy patches that appeared when she cried. Deputy Copenhaver admitted that the victim had blotchy marks on her body that appeared to be from crying, but maintained that the marks on her neck were consistent with abrasions from having been grabbed or choked. Likewise, while the victim admitted that she became red and blotchy when she cried, she maintained that she had marks on her neck from Stark choking her.

{¶20} Having reviewed the record, we cannot conclude that this is the exceptional case where the evidence weighs heavily against Stark's conviction. *See Otten*, 33 Ohio App.3d at 340. Stark and the victim gave conflicting testimony, and the jury was in the best position to evaluate their credibility and resolve any factual disputes. *See State v. Bardos*, 9th Dist. Medina No. 15CA0082-M, 2016-Ohio-8091, ¶ 16. Stark's convictions are not against the manifest weight of the evidence simply because the jury chose to believe the victim's version of the events. *See State v. Barger*, 9th Dist. Medina No. 14CA0074-M, 2016-Ohio-443, ¶ 29 ("This Court will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version."). Because Stark has not shown that the jury lost its way by convicting him, we reject his argument to the contrary. His second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY EXCLUDING EVIDENCE WITH REGARD TO THE CHARACTER OF THE VICTIM PURSUANT TO EVID. R. 404(A)(2).

{¶21} In his third assignment of error, Stark argues that the trial court erred when it excluded evidence that the victim had a tendency to "fly off the handle" and "become very

aggressive" in situations similar to the one at issue here. He argues that the foregoing evidence was relevant and admissible under Evid.R. 404(A)(2) as a pertinent character trait of the victim.

{¶22} The decision to admit or exclude evidence lies in the sound discretion of the trial court. *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). "Absent an issue of law, this Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review." *State v. Aguirre*, 9th Dist. Lorain No. 13CA010418, 2015-Ohio-922, ¶ 6. An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶23} While character evidence is generally inadmissible if offered to prove a person's propensity, an accused may offer "[e]vidence of a pertinent trait of character of the victim of the crime * * *." Evid.R. 404(A)(2). The evidence the accused intends to introduce, however, still must meet the requirements for relevancy. *See State v. Kordeleski*, 9th Dist. Lorain No. 02CA008046, 2003-Ohio-641, ¶ 10, citing Evid.R. 402. "[C]haracter of the victim is seldom relevant evidence in a criminal prosecution." *State v. Ingram*, 9th Dist. Summit No. 18661, 1998 WL 646632, *5 (Sept. 16, 1998). "The violent character of a victim is not relevant unless the accused shows he acted in self-defense or out of extreme emotional distress from reasonable provocation." *State v. Stringfield*, 82 Ohio App.3d 705, 712 (9th Dist.1992).

{¶24} It is Stark's contention that the trial court erred by not allowing him to introduce evidence, through the testimony of his mother, that the victim tended to become very aggressive and violent when arguments occurred. The record, however, does not contain any attempt by Stark to question his mother about the victim's character. Rather, after the defense rested,

defense counsel asked to renew his objection to the court's ruling that Stark's mother not be permitted to testify about the victim's character. The State then argued that the court had properly excluded that evidence. This Court, therefore, surmises that an off the record discussion occurred regarding the admissibility of the foregoing testimony. The trial court permitted defense counsel to proffer, at the conclusion of trial, that Stark's mother would have opined that the victim "tend[ed] to fly off the handle," had "drastic mood swings," and had "a violent tendency."

**{¶25}** Even assuming that Stark properly preserved this issue for appeal, he has not shown that the court abused its discretion by excluding the evidence that the victim had aggressive tendencies. Stark never argued self-defense or claimed that he acted "out of extreme emotional distress from reasonable provocation." *Id.* To the contrary, he denied that he and the victim had engaged in any altercation. Defense counsel advanced the theory that the red marks the victim had on her neck were simply blotchy patches from crying. Because Stark claimed that no altercation took place, evidence about the victim's allegedly aggressive behavior was not pertinent to the proceedings. *See* Evid.R. 404(A)(2). *See also Kordeleski* at ¶ 10-16 (evidence of victim's character inadmissible under Evid.R. 404(A)(2) where irrelevant to the defendant's charge). Thus, the court did not err by excluding it. Stark's third assignment of error is overruled.

### III.

**{¶26}** Stark's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRADLEY R. HARP, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.