[Cite as *State v. Dean*, 2019-Ohio-1391.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO                                    C.A. No.      18CA011290

    Appellee

    v.                                          APPEAL FROM JUDGMENT
                                                ENTERED IN THE
DA'JON DEAN                                      COURT OF COMMON PLEAS
                                                COUNTY OF LORAIN, OHIO
    Appellant                                   CASE No.      17CR096378

DECISION AND JOURNAL ENTRY

Dated: April 15, 2019

HENSAL, Judge.

{¶1} Da'Jon Dean appeals his felonious-assault conviction from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Mr. Dean on one count of felonious assault, one count of assault, and one count of aggravated riot based upon his involvement in a bar fight. Mr. Dean waived his right to a jury, and the case proceeded to a bench trial.

{¶3} At trial, the State presented testimony from witnesses who explained that the fight broke out in the poolroom of the bar, that multiple people became involved, and that it was "just madness." The victim in this case testified that he became involved because he was trying to help his friend who was being kicked and punched by several people. While trying to help his friend, the victim was struck in the head with a billiard ball, which caused his head to immediately swell. The victim testified that he suffered a concussion, that the impact caused a

chip in his skull, and that he still experiences headaches as a result of the injury. The State then presented surveillance footage showing Mr. Dean throwing the billiard ball at the victim's head.

{¶4} After the State rested, the defense moved for an acquittal on the felonious-assault count on the basis that a billiard ball is not a deadly weapon. The trial court denied the motion and, after the defense indicated that it was not presenting any evidence, denied the defense's renewed motion for acquittal. The trial court found Mr. Dean guilty of felonious assault and aggravated riot. It found him not guilty of assault. Mr. Dean has appealed his felonious-assault conviction, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE VERDICT ON COUNT ONE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE AND CONTRARY TO LAW.

{¶5} In his first assignment of error, Mr. Dean challenges both the sufficiency and the manifest weight of the evidence presented at trial. Sufficiency and manifest weight are legally distinct issues. *State v. Lee*, 158 Ohio App.3d 129, 2004-Ohio-3946, ¶ 17 (9th Dist.). Notwithstanding, we will address them together.

{¶6} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶7} Regarding a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶8} Mr. Dean was convicted of felonious assault under Revised Code Section 2903.11(A)(2). In relevant part, that Section prohibits persons from causing physical harm to another by means of a deadly weapon. Section 2923.11(A) defines "[d]eadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

{¶9} In his merit brief, Mr. Dean asserts that the State failed to present evidence showing that he knowingly caused physical harm to the victim. He, however, has not developed any argument in support of his position. *See* App.R. 16(A)(7). Accordingly, this Court will not address that issue. Mr. Dean also asserts that the State failed to present evidence showing that a billiard ball is a deadly weapon for purposes of establishing felonious assault. This Court disagrees.

{¶10} As the Ohio Supreme Court has stated, a trier of fact "is permitted to infer the deadly nature of an instrument from the facts and circumstances of its use." *State v. Vondenberg*, 61 Ohio St.2d 285, 289 (1980). To that end, "[t]he manner of use of the instrument is what is determinative." (Alteration sic.) *State v. Norris*, 9th Dist. Summit No. 27630, 2016-

Ohio-1526, ¶ 13, quoting *State v. Goodwin*, 6th Dist. Lucas No. L–12–1341, 2014-Ohio-2323, ¶ 33. Here, the State presented evidence indicating that Mr. Dean picked up a billiard ball and threw it at the victim's head with such force that – after it struck the victim – it ricocheted across the room. The State also presented photographs of the victim that showed a disturbingly large welt on the victim's head, and elicited testimony from the victim, who stated that he suffered a concussion, and that the impact caused a chip in his skull. Viewing this evidence in a light most favorable to the State, we conclude that the State presented sufficient evidence for the trier of fact (i.e., the trial court) to infer the deadly nature of the billiard ball from the facts and circumstances of its use. *Vondenberg* at 289; *see, e.g.*, *State v. Gates*, 8th Dist. Cuyahoga No. 78120, 2001 WL 534163, *6 (May 17, 2001) (holding that, based upon its manner of use, a rock constituted a deadly weapon); *State v. Ramos*, 9th Dist. Lorain No. 05CA008830, 2006-Ohio-4534, ¶ 13 (holding that, based upon its manner of use, a mug constituted a deadly weapon). We, therefore, reject Mr. Dean's challenge to the sufficiency of the evidence. We likewise reject his challenge to the manifest weight of the evidence, which is based solely on his position that he did not use a deadly weapon. Mr. Dean's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO STATE A DEFENSE OF OTHERS CLAIM.

{¶11} In his second assignment of error, Mr. Dean argues that his trial counsel provided ineffective assistance because he did not assert the affirmative defense of defense of others. This Court disagrees.

{¶12} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. "To establish ineffective assistance, [a defendant]

must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984) and *State v. Bradley*, 42 Ohio St.3d 136 (1989). If a defendant fails to prove one prong under *Strickland*, this Court need not address the other prong. *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

{¶13} "To assert an affirmative defense of defense of others a defendant must prove that he was protecting another person from immediate danger of bodily harm and that the other person would be able to assert the defense for him- or herself." *State v. Frazier*, 7th Dist. Belmont No. 16 BE 0040, 2017-Ohio-8594, ¶ 21, citing *State v. Wenger*, 58 Ohio St.2d 336 (1979). As the Ohio Supreme Court has stated, "one who intervenes to help a stranger stands in the shoes of the person whom he is aiding, and if the person aided is the one at fault, then the intervenor is not justified in his use of force * * *." *Wenger* at 340.

{¶14} As previously noted, the State presented surveillance footage and the testimony of the victim, both of which indicated that the victim became involved in the fight because he was trying to help his friend, who was being kicked and punched by several people. When the victim intervened, some – if not all – of the people attacking his friend then started to attack the victim. Nonetheless, Mr. Dean asserts that "other people started the [fight,]" and that he threw the billiard ball at the victim to protect his friends. He provides no indication, however, as to who the "other people" were. This is significant because a claim for self-defense (and, thus, a claim for defense of others) requires the defendant to demonstrate that he "was not at fault in creating

the situation giving rise to the affray[.]" *State v. Robbins*, 58 Ohio St.2d 74 (1979), paragraph two of the syllabus.

{¶15} Having reviewed his argument, we conclude that Mr. Dean has not adequately explained how his friends were justified in their use of force, nor has he adequately explained how he was justified in his use of force to purportedly protect them from immediate danger or bodily harm. He, therefore, has not established that his trial counsel rendered ineffective assistance by not raising the affirmative defense of defense of others. Accordingly, Mr. Dean's second assignment of error is overruled.

## III.

{¶16} Mr. Dean's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.